IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE FARLEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF LIVINGSTON POLICE OFFICER ROBERT SILVA, CITY OF LIVINGSTON POLICE DEPARTMENT UNNAMED EMPLOYEES 1 THROUGH 20, UNNAMED COUNTY OF MERCED EMPLOYEES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV-F-11-708 LJO GSA<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** (Doc. 10, 12) and **PLAINTIFF'S MOTION TO AMEND COMPLAINT** (Doc. 13) |

### INTRODUCTION

Plaintiff Bonnie Farley ("Ms. Farley"), proceeding on her first amended complaint ("FAC"), asserts a single cause of action against all defendants pursuant to the Fourth Amendment and 42 U.S.C. 1983. City of Livingston Police Department ("Police Department") moves to dismiss the Police Department as a defendant, arguing that Ms. Farley has failed to include allegations to satisfy the requirements set forth in *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978) ("*Monell*"). In response, Ms. Farley clarifies that she has not named the Police Department as a defendant in the FAC. In a separate motion, Ms. Farley seeks leave to amend her FAC. This Court finds these motions suitable for a decision without a hearing and VACATES the July 14, 2011 and July 29, 2011 hearings on these

1

motions, pursuant to Local Rule 230(g).  For the following reasons, this Court DENIES the Police Department's motion to dismiss and GRANTS Ms. Farley's unopposed motion for leave to amend her FAC.  Ms. Farley shall file and serve her SAC no later than June 27, 2011.

## MOTION TO DISMISS

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

The Police Department correctly asserts that to state a claim against a public entity, a plaintiff must include allegations to satisfy *Monell*.  Ms. Farley's FAC, however, does not name the Police Department as a defendant.  In response to a previous motion to dismiss, Ms. Farley amended her original complaint to address a *Monell* challenge.  Ms. Farley's FAC names "City of Livingston Police Department Unnamed Employees 1 Through 20" as defendants.  Because Ms. Farley asserts no claim against the Police Department, no case or controversy exists between the Police Department and Ms. Farley.  In addition, because Ms. Farley asserts no claim against a public entity, she is not required to include allegations in her FAC to satisfy *Monell*.  For these reasons, the Police Department's Fed. R. Civ. P. 12(b)(6) motion to dismiss is DENIED.

## MOTION FOR LEAVE TO AMEND

Ms. Farley's FAC asserts a cause of action against Livingston Police Officer Robert Silva, unnamed Livingston Police Department employees, and Unnamed County of Merced Employees.  Ms. Farley now seeks leave to amend her complaint to include unnamed City of Merced  police officers as defendants. Ms. Farley bases her request on information she received through discovery in this action.  Ms. Farley further declares that this motion for leave to amend is unopposed.

"After a party has amended a pleading as a matter of course, it may only amend further after

obtaining leave of the court, or by consent of the adverse party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In the absence of prejudice or delay, and when "justice so requires," leave to amend pursuant to Fed. R. Civ. P. 15 is granted freely. *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th cir. 1979). Because there is no demonstrated delay or prejudice to defendants, this Court GRANTS Ms. Farley's motion for leave to amend her complaint.

### CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. DENIES Livingston Police Department's motion to dismiss (Docs. 10, 12);
2. GRANTS Ms. Farley's motion for leave to amend;
3. VACATES the July 14, 2011 and July 29, 2011 hearings on these motions; and
3. ORDERS Ms. Farley to file and serve her second amended complaint no later than June 27, 2011.

IT IS SO ORDERED.

**Dated:   June 23, 2011**               /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

3