# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE FARLEY, an individual, | 11-cv-708 LJO GSA |
| Plaintiff, | |
| v. | |
| | ORDER GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT |
| ROBERT SILVA, a City of Livingston Police Officer; EMPLOYEES OF THE CITY OF LIVINGSTON POLICE DEPARTMENT as DOES 1 through 20; EMPLOYESS OF THE COUNTY OF MERCED as DOES 11 through 20; NELSON, a City of Merced Police Officer, RODRIGUEZ, a City of Merced Police Detective, and DOES 11 through 30, | (Document 30) |
| Defendants. | |

## INTRODUCTION

On August 29, 2011, Plaintiff, Bonnie Farley ("Plaintiff") filed a Motion for Leave to File a Third Amended Complaint ("TAC"). (Doc. 30). Defendants Rodriguez and Nelson filed a non-opposition to the motion on September 22, 2011. (Doc. 32). No other defendants filed an opposition. The Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g). Accordingly, the hearing set for October 21, 2011, at 9:30 am is VACATED. Plaintiff's Motion to File a Third Amended Complaint is GRANTED.

## BACKGROUND

This action was filed on May 3, 2011. (Doc. 1). The original complaint named Robert

1

Silva, a police officer with the City of Livingston Police Department; the City of Livingston Police Department; and the County of Merced as defendants. The complaint alleged a violation of 42 U.S.C. § 1983 based on Plaintiff's arrest in January and April 2011, after an alleged shoplifting incident at Kohls Department store in Merced, California. *Id*.

On June 1, 2011, Plaintiff filed a First Amended Complaint alleging a violation of 42 U.S.C. § 1983, false arrest, false detention, and false imprisonment against the same defendants except that she listed doe defendants for unnamed employees of each of the public entities. (Doc. 8).

On June 15, 2011, Defendant City of Livingston Police Department filed a Motion to Dismiss the First Amended Complaint. (Doc. 11). In response, Plaintiff filed a Motion to Amend the Complaint. (Doc. 13). On June 24, 2011, the Court denied the City of Livingston Police Department's Motion to Dismiss and granted Plaintiff leave to file a Second Amended Complaint. (Doc. 14). Plaintiff filed the Second Amended Complaint ("SAC") on June 27, 2011. The SAC alleged violations of 42 U.S.C. § 1983, false arrest, false detention, and false imprisonment and named Police Officer Robert Silva; unnamed employees of the Livingston Police Department; unnamed employees of the County of Merced; Officer Nelson of the City of Merced Police; and Detective Rodriguez of the City of Merced Police as Defendants.

On August 29, 2011, Plaintiff filed the instant motion requesting leave to file a third amended complaint ("TAC"). The basis of the motion is that after completing discovery, Plaintiff determined that the correct Livingston police officer involved in this incident is Dane Villareal rather than Robert Silva. Additionally, Plaintiff has determined that City of Merced Police Officer Nelson and City of Merced Police Detective Rodriguez were not involved in this incident. Instead, the correct City of Merced police officer involved in the incident is Leone Pintabono. Plaintiff seeks to substitute these defendants in this action. Plaintiff contends there are no other changes in the amended complaint.

**DISCUSSION**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v.*

2

*Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2). Here, Defendants filed a responsive pleading to Plaintiff's SAC so leave of the court is required.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."
> *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

The Court has examined all of the factors listed above. Defendants Nelson and Rodriguez have filed a non-opposition to the motion and the other Defendants have not filed any oppositions. Plaintiff's amendments appear reasonable and seek to name the proper defendants. There is no evidence that this amendment will cause undue delay or that it will cause prejudice to Defendants. Similarly, there is nothing to suggest that the amendment was made in bad faith. Therefore, leave to amend will be granted.

## CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File a Third Amended Complaint is GRANTED. The Third Amended Complaint is deemed filed and served on the existing defendants as of the date of the signing of this Order. Plaintiff shall serve the newly added Defendants (Defendants Dane Villareal and Leone Pintabono) within ten days of the issuance of this order. All Defendants shall file an answer to the amended pleading no later than twenty-one (21) days after the service of the TAC.

Additionally, the Clerk o f the Court is ordered to terminate Robert Silva, Officer Nelson, and Detective Rodriguez as defendants as they have been dismissed from this action with the filing of the TAC.  Additionally, City of Livingston Police Officer Dane Villareal and City of Merced Police Officer Leon Pintabono shall be added to the docket as these two individuals are newly named Defendants.

IT IS SO ORDERED.

Dated:   October 17, 2011              /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE