1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11
       BONNIE FARLEY,                                CASE NO. 1:11-CV-00708-LJO-GSA
12
                           Plaintiff,               **ORDER ON DEFENDANT LEONE**
13          vs.                                      **PINTABONA'S MOTION FOR**
                                                     **SUMMARY JUDGMENT** (Doc. 47)
14     CITY OF LIVINGSTON POLICE
       DEPARTMENT UNNAMED EMPLOYEES
15     1 THROUGH 20, CITY OF MERCED POLICE
       OFFICER LEONE PINTABONA, et al.
16
                           Defendants.
17
       _____/
18

19                              **I. INTRODUCTION**

20          Plaintiff Bonnie Farley ("plaintiff") filed this civil rights action against various named and

21     unnamed police officers and employees of the City of Livingston Police Department, unnamed County

22     of Merced employees, and City of Merced Police Officer Leone Pintabona ("Officer Pintabona")

23     (collectively "defendants").  In her sole cause of action, she alleges that defendants violated her Fourth

24     Amendment right  to be free from unreasonable seizure, pursuant to 42 U.S.C. § 1983.  Now before the

25     Court is Officer Pintabona's motion for summary judgment.  The motion is unopposed.[1]  For the reasons

26     _____

27          [1] In the absence of plaintiff's opposition, this Court carefully reviewed and considered the entire record to determine
       whether Officer Pintabona's motion for summary judgment is well supported.  Omission of reference to an argument,
28     document, or paper is not to be construed to the effect that this Court did not consider it.  This Court thoroughly reviewed,

                                               1

1    discussed below, this Court GRANTS Officer Pintabona's motion.

2                                    **II. BACKGROUND**

3    **A. Facts**[2]

4         Officer Pintabona is a police officer for the City of Merced Police Department.  (Doc. 47-4, ¶ 1).

5    On January 13, 2011, he was assigned to investigate a shoplifting incident that occurred at a Kohls'

6    department store.  (Doc. 47-4, ¶ 2).  As part of his investigation he reviewed video footage recorded by

7    the store's surveillance cameras.  (*Id*.).  The footage depicted four people, two females and two males.

8    (Doc. 47-4, ¶ 3).  The female suspects were a dark-haired Hispanic and a blonde Caucasian.  (Doc. 47-4,

9    ¶ 3).  The Caucasian woman loaded clothes into a shopping cart, placed a black towel over its contents,

10   and wheeled the cart out of the store without paying.  (Doc. 47-4, ¶ 3).  Officer Pintabona did not

11   recognize the Caucasian female when he viewed the video.  (Doc. 47-4, ¶ 3).

12        In an effort to identify the Caucasian female, Officer Pintabona transmitted still photographs

13   from the surveillance video to the Livingston Police Department.  (Doc. 47-4, ¶ 5).  Shortly thereafter,

14   Corporal Daihn Villarreal ("Corp. Villarreal"), from the City of Livingston Police Department, identified

15   the Caucasian woman as plaintiff.  (Doc. 47-4, ¶ 7).  Corp. Villarreal explained to Officer Pintabona that

16   he had previously arrested both women and had seen the two together in the past.  (Doc. 47-4, ¶ 7).

17   Accordingly, Officer Pintabona obtained driver's license photographs of the women and prepared

18   photographic lineups for each.  (Doc. 47-4, ¶ 8-9).  On January 14, 2011, Officer Pintabona showed both

19   photographic lineups to the Kohl's security associate who viewed the burglary on the surveillance video.

20   (Doc. 47-4, ¶ 9).  The security associate immediately identified the Hispanic woman but could not

21   identify plaintiff.  (Doc. 47-4, ¶ 9).

22

23

24

25
─────────────────────────
26   considered, and applied the evidence and matters it deemed admissible, material, and appropriate for summary judgment.

27        [2] Because the motion is unopposed, this Court considers Officer Pintabona's version of the facts as undisputed for purposes of this motion.  *See* FED. R. CIV. P. 56(e)(2) (if a party fails to address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion); *Beard v. Banks*, 548 U.S. 521, 527 (2006) (holding that the

28   failure to specifically challenge facts identified in moving party's statement deemed admission of those facts).

1    Based on Officer Pintabona's investigation, he obtained a *Ramey* warrant[3] for plaintiff's arrest.

2    (Doc. 47-4, ¶ 10).  The affidavit for the warrant included the identification by Corp. Villarreal and that

3    the security associate could not identify plaintiff from the photographic lineup.  (Doc. 47-4, ¶ 10).

4    Officer Pintabona did not intentionally or recklessly make any untrue statements in the affidavit in

5    support of the warrant.  (Doc. 47-4, ¶ 11).  Officer Pintabona did not execute the warrant therefore, he

6    did not arrest or stop plaintiff at any time.  (Doc. 47-4, ¶ 12).

7    **B. Procedural History**

8    On May 3, 2011, plaintiff commenced the instant action in this Court.  (Doc. 1).  In her third

9    amended complaint, she alleged a single cause of action against Corp. Villarreal and Officer Pintabona,

10   in their individual and official capacities; unnamed City of Livingston Police Department employees 1

11   through 20, unnamed county of Merced employees 11 through 20, and Does 21 through 30.  Pursuant

12   to 42 U.S.C. § 1983, she alleged that defendants violated her Fourth Amendment right  to be free from

13   unreasonable seizure.  On December 14, 2012,  plaintiff and Corp. Villarreal stipulated to the dismissal

14   with prejudice of all claims against him.  (Doc. 50).

15   Now before the Court is Officer Pintabona's motion for summary judgment.  (Doc. 47).  He

16   contends that he is entitled to judgment as a matter of law because he did not arrest plaintiff.  He further

17   argues that to the extent plaintiff contends that he is liable for obtaining the arrest warrant, this is not a

18   basis for liability under the Fourth Amendment.  Alternatively, Officer Pintabona contends that he is

19   entitled to qualified immunity.  Finally, Officer Pintabona argues that to the extent plaintiff asserts a

20   *Monell* claim, she has failed to allege a municipal policy.  Plaintiff does not oppose the motion nor has

21   she filed a statement of non-opposition.  This Court VACATES the January 9, 2013, hearing or oral

22   argument, pursuant to Local Rule 230(g).

23                                **III. LEGAL STANDARD**

24   Summary judgment is appropriate when the pleadings, the disclosure materials, the discovery,

25   and the affidavits provided establish that "there is no genuine dispute as to any material fact and the

26

27        [3] Under California law, when there is probable cause to arrest someone, police may obtain a *Ramey* warrant to arrest
     that person in his or her home before criminal charges are filed.  *See Goodwin v. Superior Court*, 90 Cal. App. 4th 215, 218
28   (2001) (citing *People v. Ramey*, 16 Cal. 3d 263 (1976); now codified as Cal. Penal Code § 817).

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A material fact is one which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party.  *Id*.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  Where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  "On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case."  *Id*. (citing *Celotex*, 477 U.S. at 323).

If the movant has sustained its burden, the nonmoving party must "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor."  *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original).  The nonmoving party must go beyond the allegations set forth in its pleadings.  *See* FED. R. CIV. P. 56(c).  "[B]ald assertions or a mere scintilla of evidence" will not suffice.  *Stefanchik*, 559 F.3d at 929.  Indeed, the mere presence of "some metaphysical doubt as to the material facts" is insufficient to withstand a motion for summary judgment.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. at 587 (citation omitted).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence."  *Soremekun*, 509 F.3d at 984.  Rather, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor."  *Anderson*, 477 U.S. at 255.  Inferences, however, are not drawn out of the air; the nonmoving party must provide a factual predicate from which the inference may justifiably be drawn.  *See Richards v. Nielsen Freight Lines*, 602

4

F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

## IV. DISCUSSION

### A. Fourth Amendment Unreasonable Seizure Claim

Officer Pintabona contends that he is entitled to summary judgment because he did not violate plaintiff's Fourth Amendment rights.  He points out that he did not arrest plaintiff.  He further argues that to the extent plaintiff argues that he is liable for obtaining the arrest warrant, plaintiff cannot establish that he knowingly or recklessly misstated a material fact when he obtained the warrant.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.,* 649 F.3d 1143, 1149 (9th Cir. 2011).  The Fourth Amendment protects the "right of the people ... against unreasonable ... seizures." U.S. Const. amend. IV.  A plaintiff may bring a § 1983 claim for violation of her Fourth Amendment right against unreasonable seizure if she was arrested without probable cause or other legally sufficient justification.  *See Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.").  "Arrests pursuant to a valid warrant are consistent with the Fourth Amendment."  *Gant v. County of Los Angeles*, 765 F. Supp. 2d 1238, 1247 (C.D. Cal. 2011).

On January 21, 2011, a group of police officers from the Livingston Police Department arrested plaintiff.  (Doc. 47-3, p. 6-7).  On February 11, 2011, Officer Ramirez, from the Livingston Police Department, briefly stopped plaintiff regarding the arrest warrant.  (Doc. 47-3, p. 11-13).  Officer Pintabona was not present during either incident.  Accordingly, Officer Pintabona did not participate in the alleged unreasonable seizure.  *See Hopkins v. Bonvicino*, 573 F.3d 752, 774 (9th Cir. 2009) (reversing district court's denial of officer's motion for summary judgment with respect to plaintiff's unlawful arrest claim because officer did not participate in the arrest); *see also Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that no § 1983 liability exists absent personal participation).

To the extent plaintiff argues that Officer Pintabona is liable for obtaining the arrest warrant, plaintiff cannot establish that Officer Pintabona knowingly or recklessly misstated a material fact when

1   he obtained the warrant.  False statements cannot be used to obtain a warrant.  *Franks v. Delaware*, 438

2   U.S. 154, 155-56 (1978).  To support a § 1983 claim in this regard, a plaintiff must show that the

3   defendant deliberately or recklessly made false statements or omissions that were material to the finding

4   of probable cause.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

5   "Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an

6   affidavit which on its face establishes probable cause."  *Ewing v. City of Stockton*, 588 F.3d 1218, 1224

7   (9th Cir. 2009).

8   Plaintiff alleges that Officer Pintabona falsely identified her as the person in the surveillance

9   video which led to the issuance of the warrant.  Officer Pintabona obtained the arrest warrant based on

10  Corp. Villarreal's identification of plaintiff.  (Doc. 47-4, p. 8).  Corp. Villarreal identified plaintiff and

11  the other woman in the video based on previous contacts.  (*Id.*).  Officer Pintabona included this

12  information in his affidavit for the warrant.  (*Id.*).  Officer Pintabona also included in the affidavit that

13  when he showed the photographic lineups to the Kohl's security associate who viewed the burglary, the

14  security associate immediately identified the other woman but could not identify plaintiff.  (*Id.*).

15  Because Officer Pintabona relied on Corp. Villarreal's identification of plaintiff[4] and Officer Pintabona

16  had no reason to believe that the identification was false, plaintiff has failed to show that defendant made

17  false statements or omissions when obtaining the arrest warrant.  *Galbraith*, 307 F.3d at 1126.

18  Accordingly, Officer Pintabona did not violate plaintiff's Fourth Amendment rights.  Officer Pintabona's

19  motion for summary judgment on plaintiff's individual capacity claim is GRANTED.

20  **B. *Monell*/Official Capacity Claim**

21  In addition to suing Officer Pintabona in his individual capacity, plaintiff sues Officer Pintabona

22  in his official capacity.  Officer Pintabona contends that to the extent plaintiff's official capacity claim

23  is a *Monell* claim, the claim fails as a matter of law.

24  Official capacity suits "generally represent only another way of pleading an action against an

25  entity of which an officer is an agent."  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658,

26

27  ⁴ "[L]aw enforcement officers are generally entitled to rely on information obtained from fellow law enforcement
28  officers." *Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir. 2005), *overruled on other grounds by United States v. King*, 687
    F.3d 1189, 1189 (9th Cir. 2012) (per curiam).

690 n.55 (1978). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the [government] entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To hold a government entity liable under § 1983, a plaintiff must show that the government entity maintained a policy or custom that served as the moving force behind the constitutional violation. *See Monell*, 436 U.S. at 694-95.

To the extent Officer Pintabona's official capacity claim is a *Monell* claim, the claim fails because plaintiff fails to allege that the alleged unreasonable seizure was caused by a City of Merced policy or custom. Moreover, even if the *Monell* claim was properly pled, there is no evidence of a policy or custom. In addition, as discussed above, Officer Pintabona did not violate plaintiff's constitutional rights. Accordingly, Officer Pintabona's motion for summary judgment on plaintiff's official capacity claim is GRANTED.

**C. Qualified Immunity**

Because this Court finds that Officer Pintabona is entitled to summary judgment with regard to plaintiff's Fourth Amendment claim, this Court declines to address Officer Pintabona's arguments regarding qualified immunity.

**V. CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.   VACATES the January 9, 2013, hearing or oral argument, pursuant to Local Rule 230(g);

2.   GRANTS defendant Leone Pintabona's motion for summary judgment;

3.   DIRECTS the clerk to enter judgment in favor of defendant Leone Pintabona and against plaintiff Bonnie Farley, to close this action; and

4.   VACATES the February 19, 2013 pretrial conference and April 9, 2013 trial.

IT IS SO ORDERED.

**Dated:   January 4, 2013              /s/  Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE